# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3329

_____

|  |  |  |
|---|---|---|
| Scott A. Linville, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Sears, Roebuck and Company, a | * | District of Minnesota. |
| Foreign Corporation of New York; | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: June 6, 2003
Filed: June 30, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

We recite the facts in the light most favorable to the appellant. Reimer v. City of Crookston, 326 F.3d 957, 959 (8th Cir. 2003). In February and March 2001, Scott Linville, a tool salesman at Sears, Roebuck and Company (Sears), was backhanded in the scrotum by coworker Kent Farnham, causing pain and injury. Despite Linville's telling him to stop, Farnham continued to strike Linville in the scrotum on two or three other occasions, laughing each time. Linville complained to his supervisor and Sears' Human Resources Department. Sears conducted an investigation which did not result in Linville's discharge, and Farnham resigned.

Linville brought claims of gender discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and the Minnesota Human Rights Act (MHRA), Minn. Stat. Ann. § 363.03 (West 2003). The district court[1] determined that Linville could not establish a claim of gender discrimination under Title VII or the MHRA because he did not raise an issue of fact that the harassment was based on sex. Linville appeals.

We review a grant of summary judgment de novo. See Kopp v. Samaritan Health Sys., Inc., 13 F.3d 264, 268-69 (8th Cir. 1993). Discrimination based on sex that creates a hostile or abusive working environment violates Title VII. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986). To state a claim for sex discrimination based on a hostile working environment, Linville was required to show (1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. See Quick v. Donaldson Co., 90 F.3d 1372, 1377 (8th Cir. 1996).

We conclude the evidence did not support a claim of gender discrimination based on a hostile work environment because Linville failed to provide evidence that the harassment was "based on sex." See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79-80 (1998) (Title VII does not prohibit all verbal or physical harassment in workplace; plaintiff must show conduct was not merely tinged with offensive sexual connotations, but actually constituted "discrimination because of sex"). Linville offered no evidence of Farnham's motivation, much less that Farnham was motivated by a hostility toward men. See Davis v. Coastal Int'l Sec., Inc., 275 F.3d 1119, 1123 (D.C. Cir. 2002) (affirming summary judgment for employer on

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

same-sex hostile-work-environment claim where, among other things, plaintiff admitted he did not know coworkers' motivation for their conduct); EEOC v. Harbert-Yeargin, Inc., 266 F.3d 498, 501, 522 (6th Cir. 2001) (rejecting same-sex hostile-work-environment claim where plaintiff had been grabbed or patted in genitals or buttocks on at least two occasions, concluding conduct was "gross, vulgar, male horseplay in a male workplace"; no proof that alleged harasser was motivated by general hostility to presence of men in workplace). While Farnham's striking Linville in the scrotum and laughing was probative of crude, gender-specific vulgarity, it was not, by itself, probative of gender discrimination. See Oncale, 523 U.S. at 81 (Title VII is not "general civility code"); Kriss v. Sprint Communications Co., 58 F.3d 1276, 1281 (8th Cir. 1995) (where supervisor used term "bitch" to describe plaintiff employee, court determined term when directed toward only one woman, rather than women in general, was not indicative of general misogynist attitude and thus not probative of gender discrimination).

We conclude Linville's sexual harassment claim under the MHRA failed as well. See Minn. Stat. Ann. § 363.01(41) (West 2003) ("'[s]exual harassment' includes unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct or communication of a sexual nature when . . . (3) that conduct or communication has the purpose or effect of substantially interfering with an individual's employment"); Cummings v. Koehnen, 568 N.W.2d 418, 422 (Minn. 1997) ("sexual harassment is 'discrimination based on sex'"). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.