# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3934

_____

Loretta H. Rester

*Plaintiff - Appellant*

v.

Stephens Media, LLC; William Elderton, also known as William (Bill) Elderton; Dennis Byrd

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 24, 2013
Filed: January 13, 2014

_____

Before RILEY, Chief Judge, BRIGHT and BYE, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Loretta Rester brought an action against her former employers for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Arkansas state law. Rester alleged various claims, including sex discrimination, a hostile work environment, constructive discharge, and retaliation.

The district court[1] denied relief in a summary judgment of dismissal. Rester appeals. We affirm.

## I.    Background

During the relevant time period, Loretta Rester worked as a graphic designer at the *Hot Springs Village Voice*, an Arkansas newspaper owned by Stephens Media, LLC.

On April 13, 2011, Rester and her supervisor, William Elderton, the newspaper's general manager, engaged in a confrontation regarding revisions to a special golf publication that was due in one week. The client had rejected the proposed work. Elderton and Rester participated in a review of the errors and proposed changes when, according to Rester's deposition testimony, Elderton slammed his hands on the desk and began screaming and cursing at her. Rester testified that she rolled her chair back, stood up, and said that she needed to leave, but Elderton put his hands on her three times, and physically prevented her from leaving until she began "wailing and cussing and screaming and hollering."

After the incident, Rester went outside to her automobile for about ten minutes. She then returned and met with Elderton and Lynette Melcher, the editor, about the incident. Elderton apologized. Rester briefly left the office, but returned and stayed at work until after 5 p.m. before leaving for the day.

Nine days later, Rester reported the incident in an email to Dennis Byrd, the newspaper's publisher and Elderton's supervisor. Four days later on April 26, 2011, Rester met with Byrd and a human resources representative for Stephens Media

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

concerning her complaint against Elderton and recited her version of the facts. She told them that she loved her job and wanted to keep working. Stephens Media took no disciplinary action against Elderton.

On May 4, 2011, Rester emailed Byrd her two-weeks' notice of termination of her employment. Byrd contacted Rester about continuing to work at the *Village Voice* and informed Rester that Elderton would be retiring at the end of June 2011. Rester said she would consider continuing her job, but later that afternoon, she emailed Byrd saying her resignation stood.

Thereafter in this case, Rester sued her employer Stephens Media, and Byrd and Elderton individually, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Arkansas Civil Rights Act, and injury under state tort law. Relevant to this appeal, Rester alleged that she suffered sex discrimination, a hostile work environment, constructive discharge, and retaliation. The defendants moved for summary judgment. The district court partially granted the motion and entered judgment on the federal discrimination claims. The district court then dismissed the claims arising under state law without prejudice. We have jurisdiction to consider this appeal under 28 U.S.C. § 1291.

## II.    Discussion

We review de novo a district court's grant of summary judgment. *Evance v. Trumann Health Servs., LLC*, 719 F.3d 673, 677 (8th Cir. 2013). Summary judgment is proper when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011); *see also* Fed. R. Civ. P. 56. "Summary judgment is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." *St. Martin v. City of St. Paul*, 680

F.3d 1027, 1032 (8th Cir. 2012).

Rester argues that the district court erred by granting the defendants' summary judgment motion because there are genuine issues of material fact regarding each of her Title VII claims. We will address each claim.[2]

### A.  Sex Discrimination

To establish a prima facie case of sex discrimination, Rester must prove that she: (1) belongs to a protected class; (2) possessed qualifications to perform her job; (3) suffered an adverse employment action; and (4) received different treatment than similarly situated employees who did not belong to the protected class. *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 954-55 (8th Cir. 2011). The parties only dispute the third and fourth elements, namely whether Rester suffered an adverse employment action and whether she received different treatment because of her sex. Here, Rester did not produce sufficient evidence to create a jury question for either element. The district court did not err in granting summary judgment to defendants. *See St. Martin*, 680 F.3d at 1032.

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Wilkie*, 638 F.3d at 955 (citation omitted) (internal quotation marks omitted). Such action "might include termination,

---

[2]Because we affirm the dismissal of Rester's claims on the merits, we need not address the defendants' argument that Rester failed to exhaust her administrative remedies as the requirement does not impact our jurisdiction. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (stating that "filing a timely charge of discrimination with the [Equal Employment Opportunity Commission] is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); *see also Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, 1194 (8th Cir. 2006) (deciding a similar case on the merits).

cuts in pay or benefits, and changes that affect an employee's future career prospects" but "[m]inor changes" are not enough. *Id.* Here, Rester suffered no termination, did not lose pay or benefits, and her job duties or responsibilities did not change. Thus, she cannot establish a prima facie case of gender discrimination. *See Jackman v. Fifth Judicial Dist. Dep't. of Corr. Servs.*, 728 F.3d 800, 804-05 (8th Cir. 2013) (holding that an appellant who "suffered no termination, cut in pay or benefits, or changed job duties or responsibilities" cannot establish adverse employment action and thus does not establish a prima facie case of sex discrimination or retaliation).

Moreover, even if Rester had produced evidence of an adverse employment action, the record contains no evidence to support the fourth element that she received different treatment because of her sex. Rester has not shown that Elderton's actions were motivated by her sex. Thus, Rester has not established that she received different treatment *because* of her sex.

Thus, the district court did not err.

### B.   Hostile Work Environment

To establish a prima facie case of hostile work environment, Rester must show (1) membership in a protected group; (2) the occurrence of unwelcomed sexual harassment; (3) that the harassment occurred because of her sex; and (4) that the harassment affected a term, condition or privilege of her employment. *Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858, 862 (8th Cir. 2009). This "demanding" standard requires "extreme" conduct "rather than merely rude or unpleasant" conduct. *Cross v. Prairie Meadows Racetrack & Casino, Inc.*, 615 F.3d 977, 981 (8th Cir. 2010). We look to the totality of the circumstances to consider whether the plaintiff has established "that discriminatory intimidation, ridicule, and insult *permeated* the workplace." *Id.* (emphasis added).

The district court concluded that Elderton's conduct did not create a hostile work environment, relying on several cases involving conduct "considerably more offensive than Elderton's [that] did not rise to the level of severe and pervasive conduct."[3] We agree. This singular incident, while most unfortunate, does not meet the standard required. The incident related to a workplace disagreement and the conduct does not denote a sexist connotation. On this record, Rester has failed to establish that this incident permeated the workplace and thus has not established a prima facie case of a hostile work environment. *See Cross*, 615 F.3d at 981. Thus, the district court did not err.

## C.    Constructive Discharge

To establish a case of constructive discharge, Rester must show that "(1) a reasonable person in her situation would find the working conditions intolerable, and (2) the employer intended to force her to quit. An employee must, however, grant her employer a reasonable opportunity to correct the intolerable condition before she terminates her employment." *Wilkie*, 638 F.3d at 954 (quoting *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 534 (8th Cir. 2008) (quotations, alterations, and internal citations omitted)).

The record reflects that the defendants sought to retain Rester as an employee. Nothing in the record indicates that the defendants forced Rester to quit or that they should have known that she would leave her employment. Furthermore, because Rester's claim of a hostile work environment fails, her claim of constructive discharge must also fail. *See O'Brien v. Dep't of Agric.*, 532 F.3d 805, 811 (8th Cir. 2008) (citing *Penn. State Police v. Suders*, 542 U.S. 129, 147 (2004) ("A hostile-

---

[3]*See Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 992-93 (8th Cir. 2003); *Alagna v. Smithville R-II Sch. Dist.*, 324 F.3d 975, 980 (8th Cir. 2003); *Duncan v. Gen. Motors Corp.*, 300 F.3d 928, 931-35 (8th Cir. 2002).

environment constructive discharge claim entails something more [than an actionable hostile work environment].").  Thus, the district court did not err.

### D.    Retaliation

To establish a prima facie case of retaliation, Rester must demonstrate that "1) she engaged in protected conduct; 2) a reasonable employee would have found her employer's retaliatory action materially adverse; and 3) the materially adverse action was causally linked to her protected conduct."  *Wilkie*, 638 F.3d at 955 (citation omitted) (internal quotation marks omitted).  As stated above, Rester failed to establish that she was subject to adverse employment action, let alone *materially* adverse employment action.  Thus, she cannot establish a prima facie case of retaliation. *See Jackman*, 728 F.3d at 805.  Moreover, as discussed above, the record reflects that the defendants sought to retain Rester as an employee.  Thus, the district court did not err.

### III.   Conclusion

For the reasons stated above, we affirm.

_____