# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-3729

———————————————

Donald Rickard

*Plaintiff - Appellant*

v.

Swedish Match North America, Inc.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

——————————

Submitted: September 11, 2014
Filed: December 2, 2014

——————————

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

——————————

RILEY, Chief Judge.

Donald Rickard sued his employer, Swedish Match North America, Inc. (Swedish Match), under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), as

amended, 42 U.S.C. § 2000e et seq. The district court[1] granted summary judgment in favor of Swedish Match, and Rickard appeals. With appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Rickard worked for Swedish Match and its predecessors in a sales position from 1984 until 2011, when he retired at age fifty-five. In 2007, Perry Payne, who is one year younger than Rickard, took the position of "retail team manager" in which he supervised Rickard. Rickard and Payne had an antagonistic relationship. Rickard objected to Payne's managerial style and believed Payne scrutinized him more closely than his coworkers and unjustifiably criticized his work. Rickard contends he had strong sales performance throughout most of his career, but Payne consistently evaluated him as being at or below expectations. Payne repeatedly told Rickard to improve his job performance and allegedly threatened to fire Rickard on multiple occasions.

In addition to these performance-based criticisms, Rickard alleges Payne engaged in inappropriate, crude behavior. On June 23, 2010, Payne grabbed and squeezed Rickard's nipple and stated "this is a form of sexual harassment." Payne also took a towel from Rickard, "rubbed it on his own crotch," and gave "it back to Rickard." Rickard reported these incidents to Payne's supervisor. Although Payne denied the allegations, Payne's supervisor documented the complaint and reprimanded Payne. Several other male employees complained about similar conduct from Payne but, after complaining to Payne's supervisor, Rickard never experienced this crude behavior from Payne again.

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

Payne also made several comments about Rickard's age. For example, once Payne stated, "you know, you've been here long enough, you've got a lot of age on you and you've been here long enough, and you know that I'm going to hold you at a higher level than I do some of these that have not been here but a year." Payne also repeatedly referenced Rickard's age saying, "you know, old man, you have a lot of years in." Rickard never reported the age-based comments to Swedish Match supervisors. Rickard claims it was common knowledge among the employees that Swedish Match was trying to eliminate older employees and had hired Payne for this purpose.

While working for Payne, Rickard began experiencing a number of health issues which he attributes to the stress of working with Payne. On January 31, 2011, Payne issued Rickard a final, written warning, which stated Rickard would be terminated if his performance did not improve. Rickard then took leave using his vacation time, sick time, and leave under Swedish Match's Family Medical Leave Act policy and did not return to work again. On May 1, 2011, Rickard retired, publicly explaining it was due to his deteriorating health, but privately telling others he had been forced to retire. No one at Swedish Match asked Rickard to retire, nor was there ever a formal recommendation or decision to terminate Rickard.

Rickard sued Swedish Match, alleging, among other things, a hostile work environment based on age and sex; constructive discharge; disparate treatment; and retaliation in violation of the ADEA and Title VII. The district court granted Swedish Match's motion for summary judgment, finding Rickard had not offered sufficient evidence for a reasonable juror to find in his favor on any of the claims. Rickard now appeals.

## II. DISCUSSION

"We review de novo the district court's decision to grant summary judgment, viewing the record in the light most favorable to the nonmoving party." Pye v. Nu

Aire, Inc., 641 F.3d 1011, 1017 (8th Cir. 2011). To survive summary judgment, a plaintiff "must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." Moody v. St. Charles Cnty., 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992) (internal marks omitted)). Although Rickard argues the district court improperly considered his evidence and did not credit his factual claims, many of Rickard's argued "facts" are unrelated to the case at hand. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### A.    Hostile Work Environment

To prove a claim of hostile work environment, whether based on age or sex, Rickard must show "(1) [he] belongs to a protected group, (2) [he] was subjected to unwelcome harassment based on age [or] sex, (3) the harassment affected a term, condition, or privilege of [his] employment; (4) [his] employer knew or should have known of the harassment; and (5) the employer failed to take proper action."[2] Peterson v. Scott Cnty., 406 F.3d 515, 523-24 (8th Cir. 2005), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031, 1043, 1059 app. (8th Cir. 2011) (en banc).

---

[2]A plaintiff need not prove the final two prongs of this framework when his *supervisor* has created the hostile environment. See Palesch v. Mo. Comm'n on Human Rights, 233 F.3d 560, 566 n.5 (8th Cir. 2000). Rickard contends the district court erred because it did not consider Payne his supervisor for purposes of his hostile work environment claims. We disagree. The district court explained it did not consider Payne to be Rickard's supervisor because Rickard did "not argue that Mr. Payne was his supervisor for ADEA or Title VII hostile work environment purposes." The district court further explained its conclusion would be the same regardless because Rickard failed to prove the other elements of his claims.

### 1.    Age-Based Harassment

To show age-based harassment, Rickard chronicles a series of perceived injuries he suffered at the hands of Payne and contends these incidents evidence Payne's attempt to force older employees to retire.[3] Rickard presents meager evidence that this mistreatment was because of his age, with most of his criticisms amounting to little more than an attack on Payne's crude managerial style.  See Devin v. Schwan's Home Serv., Inc., 491 F.3d 778, 788 (8th Cir. 2007), abrogated on other grounds by Torgerson, 643 F.3d at 1043, 1058 app.

To the limited extent Rickard actually presents evidence of age-related comments, he cannot show these comments "affected a term, condition, or privilege of [his] employment."  Peterson, 406 F.3d at 523-24.  It is not enough to allege "'simple teasing' [or] 'offhand comments.'"  Id. at 524 (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).  Rather, the harassment must create "'an environment that a reasonable person would find hostile and one that the victim actually perceived as abusive.'"  Clay v. Credit Bureau Enters., Inc., 754 F.3d 535, 540 (8th Cir. 2014) (quoting Duncan v. Gen. Motors Corp., 300 F.3d 928, 934 (8th Cir. 2002)).

Payne's statements about Rickard's age, even if intentionally disparaging, are not severe enough to be actionable.  In Peterson, we found a supervisor's repeated references to "old ladies," comments from a coworker that women are lazy, and the supervisor's refusal to train the plaintiff because of her age were not sufficient to give rise to a claim of hostile work environment based on age or sex.  Peterson, 406 F.3d at 524.  Although it appears Rickard suffered because of his interactions with Payne,

---

[3]While Rickard presented testimony from other former employees who agreed with his theory that Swedish Match tried to encourage its older employees to retire, without some evidence, these unsupported allegations simply are company gossip. Neither Rickard nor his witnesses presented anything beyond their own conjecture suggesting Swedish Match discriminated against Rickard because of his age.

a reasonable person would not have found any comments or incidents created a hostile environment under the law. See id. Because Payne's age-related comments were not so severe as to affect a term, condition, or privilege of his employment, Rickard's age-based hostile work environment claim must fail.

## 2. Sex-Based Harassment

To prove sex-based harassment, Rickard can (1) show the actions were motivated by sexual desire, (2) show his employer had a general hostility toward members of his sex in the workplace, or (3) offer evidence that similarly situated individuals of the opposite sex were treated more favorably. See McCown v. St. John's Health Sys., Inc., 349 F.3d 540, 543 (8th Cir. 2003). Rickard alleges the squeezing and towel incidents and Payne's general mistreatment of Rickard establish sex-based harassment. This claim fails because Rickard cannot show the mistreatment he endured was based on sex.

Rickard appears to argue Payne was generally hostile to men in the workplace because Payne had squeezed the nipples of Rickard and several of Rickard's male coworkers, "receiv[ing] some perverse sexual gratification." Payne's alleged behavior—while manifestly inappropriate and obnoxious—is insufficient to show Payne harbored hostility against men in the workplace. Rickard speculates Payne's actions were motivated by sexual desire, but Rickard admits Payne never pursued a sexual or romantic relationship with him, and Rickard offered no evidence or reasonable inferences suggesting Payne's behavior was motivated by sexual desire.

We also reject Rickard's assertion that the squeezing incident must have been sex-based harassment because Payne stated "this is a form of sexual harassment." This court will not take the statement of a layperson—Payne—as definitive proof that his actions qualified as sexual harassment under the law. Without more than Rickard's speculation, a reasonable juror could not find Payne's actions—although contemptible—amounted to harassment based on sex.

-6-

### B. Constructive Discharge

"To establish a case of constructive discharge, [Rickard] must show that '(1) a reasonable person in [his] situation would find [his] working conditions intolerable, and (2) the employer intended to force [him] to quit.'" Rester v. Stephens Media, LLC, 739 F.3d 1127, 1132 (8th Cir. 2014) (quoting Wilkie v. Dep't of Health & Human Servs., 638 F.3d 944, 954 (8th Cir. 2011)). Rickard argues he was constructively discharged because of Payne's age-based harassment, but the record is barren, beyond Rickard's own conjecture, of any evidence to suggest Swedish Match intended to force Rickard to retire. Because Rickard has not shown sufficient facts to infer a hostile work environment, he also cannot prove constructive discharge. See Penn. State Police v. Suders, 542 U.S. 129, 147 (2004) ("A hostile-environment constructive discharge claim entails something more [than a hostile work environment]."). The district court did not err in granting summary judgment on this claim.

### C. Disparate Treatment and Retaliation

To prevail on his remaining Title VII claims, Rickard must have suffered an adverse employment action. See, e.g., Gibson v. Am. Greetings Corp., 670 F.3d 844, 856 (8th Cir. 2012); Sallis v. Univ. of Minn., 408 F.3d 470, 476 (8th Cir. 2005). "'An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage.'" Rester, 739 F.3d at 1131 (quoting Wilkie, 638 F.3d at 955). Rickard voluntarily retired from Swedish Match and, as discussed above, cannot prove he was constructively discharged. As such, he has not suffered an adverse employment action and cannot establish a claim for either disparate treatment or retaliation.

## III. CONCLUSION

Because Rickard has not substantiated his allegations with sufficient material probative evidence to support his claims beyond conjecture, we affirm.

_____