# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2057
_____

Courtnay Bell

*Plaintiff - Appellant*

v.

Baptist Health, doing business as Baptist Health Medical Center-North Little Rock

*Defendant - Appellee*

Dr. Kapil Yadav

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 10, 2023
Filed: February 28, 2023

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Courtnay Bell appeals the district court's[1] grant of summary judgment to the defendant, Baptist Health, on her sex-discrimination, retaliation, hostile work environment, constructive-discharge, and negligent-retention claims. We affirm.

**I.**

Bell was a staff radiologic technologist for Baptist Health at its North Little Rock location. She regularly worked in the catheterization laboratory with doctors from Arkansas Cardiology, P.A., who provided interventional-cardiology services for Baptist Health. She worked with Dr. Thomas Conley and Dr. Kapil Yadav, among others.

In March 2019, Bell began documenting incidents between herself and Dr. Yadav. She alleges the following incidents between March and November 2019: Dr. Yadav was angry with her when an x-ray tube froze up; ignored her statement to him that a patient's family was not present and asked a male co-worker about the patient's family instead; told her not to make fun of him after she made a comment to him; spoke to her in an accusatory tone when he asked her whether she had answered his phone during a procedure; became frustrated with her for taking too long to prepare a patient and made derogatory statements to her about her prepping of a patient; and, during a procedure, threw a used syringe past her onto a patient's groin, screamed at her, and threatened to report her. Bell claims that during one of the incidents a male witness stated that he wished Dr. Yadav "would not treat the women here differently than he treats the men." Bell admits that Dr. Yadav never made any sexual comments to her but believes that he treated her differently than the men with whom she worked.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

In August 2019, Bell reported some of these incidents to Baptist Health through its hotline. Later that month, Bell filed a complaint with the Equal Employment Opportunity Commission alleging discrimination by Dr. Yadav. After reporting these incidents, she met with her supervisor and the Perioperative Services Director. They created a safety plan, under which Bell would call them if she felt unsafe working with Dr. Yadav and one of them would step in to cover for her. She did so once after an incident with Dr. Conley.

Bell had an incident with Dr. Conley on November 20, 2019. Bell was working with Dr. Conley and reported to Baptist Health that she thought he was intoxicated during a procedure. Dr. Conley was required to take a breathalyzer test to prove that the allegation was false. Furious, he then told Baptist Health that he would never work with her again. That day, Bell was placed on paid administrative leave until April 2020.

In March 2020, Baptist Health offered Bell the option to return to work and transfer to either Baptist Health Little Rock or Baptist Health Conway or to remain at Baptist Health North Little Rock. Regardless of her choice, her duties, hours, and pay would remain the same. Bell refused the offer because she did not want to work with Dr. Yadav again, even though he mainly worked at the North Little Rock location. Bell never investigated how often Dr. Yadav worked at the other two Baptist Health locations. Bell also testified that Baptist Health offered to transfer her to another department, but that she did not think she should have to change departments to avoid working with Dr. Yadav.

Bell ultimately sued Baptist Health and Dr. Yadav for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Arkansas Civil Rights Act ("ACRA"); constructive discharge and negligent retention under Arkansas state law; and conspiracy to deprive her of equal protection under 42 U.S.C. § 1985. After Dr. Yadav was dismissed as a defendant, Baptist Health moved for summary judgment, and the district court granted its motion. Bell appeals.

## II.

We review *de novo* a grant of summary judgment. *Mobley v. St. Luke's Health Sys., Inc.*, 53 F.4th 452, 455 (8th Cir. 2022). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We draw all reasonable inferences in favor of the non-movant. *Paul's Indus. Garage, Inc. v. Goodhue Cnty.*, 35 F.4th 1097, 1099 (8th Cir. 2022).

### A.

First, we address Bell's constructive discharge claim. "Title VII encompasses employer liability for a constructive discharge." *Penn. State Police v. Suders*, 542 U.S. 129, 143 (2004). To establish a claim of constructive discharge, Bell must show that "(1) a reasonable person in her situation would find the working conditions intolerable, and (2) the employer intended to force her to quit. An employee must, however, grant her employer a reasonable opportunity to correct the intolerable condition before she terminates her employment." *Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1132 (8th Cir. 2014). The bar to show constructive discharge is high. *O'Brien v. Dep't of Agric.*, 532 F.3d 805, 810-11 (8th Cir. 2008). Here, Bell presented no evidence that Baptist Health intended to force her to quit. Rather, the record indicates that Baptist Health tried to retain Bell by giving her paid administrative leave, offering to relocate her to a different location, and offering to transfer her to a new department. Thus, the district court did not err in granting summary judgment to Baptist Health on this claim.

### B.

Second, we address Bell's sex-discrimination and retaliation claims. These claims both fail for the same reason: there is no genuine dispute of material fact about whether Bell suffered an adverse employment action.

Bell alleges sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the ACRA, Ark. Code § 16-123-101 *et seq.* The analysis is the same under both statutes. *See Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 792 (8th Cir. 2011) (addressing sex discrimination); *Burkhart v. American Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir. 2010) (addressing retaliation). The *McDonnell-Douglas* burden-shifting framework applies to both her sex-discrimination and retaliation claims because she does not offer direct evidence of either. *See Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008); *Gibson v. Concrete Equip. Co.*, 960 F.3d 1057, 1064 (8th Cir. 2020) (noting that the *McDonnell-Douglas* framework applies to retaliation claims based on indirect evidence). To establish a *prima facie* case of sex discrimination, Bell "must show that (1) she was a member of the protected group; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination." *See Bearden*, 529 F.3d at 831. To establish a *prima facie* case of retaliation, Bell must show "that (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct." *See Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013).

A materially adverse employment action "is a tangible change in working conditions that produces a material employment disadvantage." *Rester*, 739 F.3d at 1131. "Such action might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects but minor changes are not enough."[2] *Id.* (brackets and internal quotation marks omitted). The focus is on "material adversity" so we can "separate significant from trivial harms." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (emphasis omitted). "In the retaliation context, a materially adverse action is one that might have dissuaded a

_____

[2]Although a constructive discharge is also a materially adverse employment action, *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1083 (8th Cir. 2010), we already concluded that there is no genuine dispute of material fact about whether Bell was constructively discharged.

reasonable worker from making or supporting a charge of discrimination." *Jackman*, 728 F.3d at 804-05 (internal quotation marks omitted).

Bell's sex-discrimination and retaliation claims fail because she has not suffered an adverse employment action. Baptist Health offered for Bell to keep her same job at any one of three locations or to transfer departments. Even if it is possible that Bell would have to work periodically with Dr. Yadav if she worked at other locations, she could have transferred to another department where she would not have to work with Dr. Yadav. Bell has not shown that transferring to another department would produce a material employment disadvantage. *See Rester*, 739 F.3d at 1131. Finally, for her retaliation claim, there is no evidence that the offer to keep her same job at either of the three locations or to transfer to another department would have dissuaded a reasonable worker from making or supporting a charge of discrimination. *See Jackman*, 728 F.3d at 804-05. Thus, the district court did not err in granting summary judgment to Baptist Health on this claim.

C.

Third, we address Bell's claim of a hostile work environment. Sex discrimination that creates a hostile work environment or abusive work environment violates Title VII of the Civil Rights Act of 1964. *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 549 (8th Cir. 2007). "A hostile work environment arises when sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Id*. at 550 (internal quotation marks omitted). "Hostile work environment claims are limited in nature, requiring a high evidentiary showing that the plaintiff's workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. (internal quotation marks omitted). "To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that she was a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the

harassment and her membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action." *Id.*

The district court did not err in granting summary judgment to Baptist Health on this claim because there is no evidence that the alleged discrimination by Dr. Yadav was based on sex. We have previously held that there was no genuine dispute of material fact about whether alleged harassment was based on sex when the plaintiff failed to present evidence of the offender's motivation. *See Linville v. Sears, Roebuck & Co.*, 335 F.3d 822, 824 (8th Cir. 2003) (per curiam) ("While Farnham's striking Linville in the scrotum and laughing was probative of crude, gender-specific vulgarity, it was not, by itself, probative of gender discrimination."). Here, Bell alleges six incidents with Dr. Yadav between March and November 2019, and she admits that Dr. Yadav made no sexual remarks. Nonetheless, Bell alleges that Dr. Yadav's comments were motivated by sex because he treated women worse than men. But Bell provides no evidence besides her own allegations that Dr. Yadav treated women worse than men. For example, she did not provide testimony or formal complaints from female coworkers alleging that they were similarly treated badly by Dr. Yadav. Though she claims that a male coworker once commented on how Dr. Yadav treats women worse than men, her allegation is inadmissible hearsay that we cannot consider at summary judgment, *see Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923-24 (8th Cir. 2004), and her male coworker did not substantiate her claim in his deposition. Thus, no reasonable jury could conclude that Dr. Yadav's actions towards Bell were based on her sex. [3] *See Palesch v. Mo. Comm'n*

---

[3]Even if there were a genuine dispute of material fact about the causal nexus between the harassment and Bell's sex, we would conclude that the harassment was not sufficiently severe and pervasive to affect a term, condition, or privilege of Bell's employment. *See Singletary v. Mo. Dep't of Corrs.*, 423 F.3d 886, 892 (8th Cir. 2005). The alleged harassment is not "so intimidating, offensive, or hostile that it poisoned the work environment." *See LeGrand v. Area Res. for Cmty. & Hum. Servs.*, 394 F.3d 1098, 1101 (8th Cir. 2005); *see also Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 759-60 (8th Cir. 2004) (holding that racial slurs

*on Hum. Rts.*, 233 F.3d 560, 567 (8th Cir. 2000) (granting summary judgment to the defendant because the plaintiff presented no evidence besides her allegations that she was harassed because of her race or sex).

D.

Lastly, we address Bell's state-law negligent-retention claim. To prevail on this claim, Bell must show that "the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm." *Med. Assurance Co. v. Castro*, 302 S.W.3d 592, 595 (Ark. 2009). "As with any other negligence claim, a plaintiff must show that the employer's negligent supervision or negligent retention of the employee was a proximate cause of the injury and that the harm to third parties was foreseeable." *Id.*

Bell argues that Baptist Health knew of multiple written complaints by Bell of Dr. Yadav's behavior yet did nothing. But the evidence does not suggest that Baptist Health subjected her to any unreasonable risk of harm. *See id.* at 595. Here, prior to Bell submitting her complaints, there is no evidence that Baptist Health knew that Dr. Yadav posed a risk of harm to Bell. *Cf. Saine v. Comcast Cablevision of Ark.*, 126 S.W.3d 339, 498-500 (2003) (concluding that a factual question existed about whether an employer knew or should have known that an employee—with a known record of inappropriate behavior—would subject others to an unreasonable risk of harm). And soon after Bell reported her complaints to Baptist Health's hotline (and only a few months after the incidents began), it offered her a safety plan (which Bell utilized), placed her on paid administrative leave, and offered her positions limiting her interaction with Dr. Yadav. Thus, the district court did not err in granting summary judgment to Baptist Health on Bell's negligent-retention claim.

---

occurring once a month for two years were not sufficiently severe or pervasive to create a hostile work environment); *O'Brien*, 532 F.3d at 809-10 (holding that verbal harassment and increased scrutiny were not severe or pervasive enough to give rise to a hostile work environment).

## III.

For the foregoing reasons, we affirm the district court's grant of summary judgment to Baptist Health.

_____