**United States Court of Appeals**

FOR THE EIGHTH CIRCUIT

_____

No. 97-2738

_____

Charles G. Johnson,                      *
                                         *
          Plaintiff-Appellant,           *  Appeal from the United States
                                         *  District Court for the
     v.                                  *  District of Nebraska.
                                         *
Marvin T. Runyon, Postmaster             *
General, U.S. Postal Service,            *
                                         *
          Defendant-Appellee.            *


_____

Submitted: February 11, 1998
            Filed: March 6, 1998
_____

Before McMILLIAN and HANSEN, Circuit Judges, and DAVIS,[1] District Judge.
_____

PER CURIAM.

Charles G. Johnson, a retired postal worker, appeals the judgment of the district court[2] in favor of his former employer, the United States Postal Service (USPS), in this age discrimination case. We affirm.

_____

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Following a bench trial, the district court found the following facts. Johnson was born in 1940 and began working for the USPS in 1960. In his most recent position with the USPS as a tour superintendent, Johnson supervised approximately 400 employees. Johnson's former supervisor, Mel Shepherd, testified that he felt the higher-level supervisors were "out to get" him and his workers (which would have included Johnson) because those employees were part of what the higher-level supervisors referred to as the "old regime." (Appellant's Adden. at 2.)

In 1992, when Johnson was 52 years old, the USPS went through a major reorganization in which all tour superintendents and some other management positions were abolished. The USPS created a higher-level position, entitled Manager of Distribution Operations (MDO), which required skills additional to those previously required for the tour superintendent position. To facilitate the reorganization, the USPS offered Johnson and other qualified employees special early retirement packages. They had until November 20, 1992, to decide whether or not to accept the package.

Michael Matuzek was the Manager of Processing and Distribution at the General Mail Facility in Omaha, Nebraska, at the time of the reorganization. He was responsible for promoting employees to the newly created MDO positions. On November 13, 1992, Matuzek informed Johnson that he would be considered for the new positions like everyone else and that the most qualified candidates would be selected. At that time, Matuzek was uncertain what other positions would be available after the reorganization.

On November 18, 1992, Matuzek candidly informed Johnson that he did not intend to hire Johnson for one of the MDO positions because Johnson lacked the requisite skills for the position. Matuzek felt Johnson was entitled to this information because Johnson also had to make his decision concerning the early retirement package. Matuzek testified that he told Johnson he would still have a job with the USPS and would not suffer a decrease in pay if he elected not to take early retirement.

On November 20, 1992, Johnson accepted the early retirement package, though he testified that he had not intended to retire early. In December 1992, the MDO selections were made and staffed with persons ranging from age 36 to age 48.

Johnson then filed suit against the USPS, alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a (1994). Following the bench trial, the district court entered judgment in favor of the USPS, concluding that Johnson had failed to make out a prima facie case of discrimination, and dismissed Johnson's complaint with prejudice. Johnson moved to alter or amend the judgment or in the alternative for a new trial, but the district court denied his posttrial motions. Johnson now appeals, arguing that the district court committed errors of fact and law.

A prima facie showing of age discrimination requires a demonstration that (1) plaintiff is within the protected age group, (2) plaintiff met applicable job qualifications and legitimate expectations of the employer, (3) despite these qualifications, plaintiff suffered a discharge or other adverse employment action, and (4) plaintiff was replaced by a younger worker, Hopper v. Hallmark Cards, Inc., 87 F.3d 983, 988 (8th Cir. 1996), or in the reduction in force context, the plaintiff must produce some additional evidence that age was a motivating factor in the termination, Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 483-84 (8th Cir. 1997). The district court concluded that Johnson failed to demonstrate that he suffered an adverse employment action because he voluntarily retired. We agree. Johnson chose to accept an early retirement package rather than to wait and see what positions would be available following the reorganization.

Absent an adverse employment action, Johnson could only recover if he demonstrated that he was constructively discharged. "'A constructive discharge occurs when an employer renders the employee's working conditions intolerable, forcing the employee to quit.'" Delph v. Dr. Pepper Bottling Co. of Paragould, Inc., 130 F.3d 349,

354 (8th Cir. 1997) (quoting <u>Kimzey v. Wal-Mart Stores, Inc.</u>, 107 F.3d 568, 574 (8th Cir. 1997)). "The conduct complained of must have been 'severe or pervasive enough to create an objectively hostile or abusive work environment,'" and additionally the plaintiff must "'subjectively perceive the environment to be abusive.'" <u>Id.</u> (quoting <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993)). The district court was correct in finding in this case that no reasonable person in Johnson's situation would have found the working conditions to be intolerable.

We find no error of fact or law in the district court's determination. We have considered and rejected all of Johnson's arguments, and a more extended discussion would serve no useful purpose. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.