# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2358

_____

Linda J. Patrick,

    Plaintiff - Appellant,

v.

William J. Henderson, Postmaster
General,

    Defendant - Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Arkansas.
\*
\*
\*
\*

_____

Submitted: February 14, 2001

Filed: July 11, 2001

_____

Before LOKEN, and BYE, Circuit Judges, and STROM,* District Judge.

_____

LOKEN, Circuit Judge.

Fayetteville, Arkansas postmaster Linda J. Patrick commenced this action against her employer in October 1999, alleging gender discrimination and retaliation violations of Title VII, breach of contract, invasion of privacy, and slander. The United States Postal Service moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Patrick's Title VII claims are barred by her failure to exhaust

_____

*The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska, sitting by designation.

administrative remedies, and that the district court lacked jurisdiction over her other tort and breach-of-contract claims. The district court granted the motion and dismissed Patrick's suit in its entirety. Patrick appeals the dismissal of her Title VII claims. On appeal, the Postal Service concedes that some of those claims were properly exhausted. Accordingly, we reverse.

A postal employee must exhaust applicable administrative remedies before commencing a Title VII action in federal court. See Bailey v. United States Postal Serv., 208 F.3d 652, 654 (8th Cir. 2000). To properly exhaust, a complainant must initiate the EEO pre-complaint process "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the matter is not informally resolved, the EEO counselor notifies the complainant of her right to file a formal administrative complaint. See § 1614.105(d). "Only the claims raised in this pre-complaint counseling (or issues or claims like or related to issues or claims raised in the pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency." § 1614.105(b)(1). The complainant must file her formal written complaint within 15 days after receiving the counselor's notice. See § 1614.106(b).

In this case, Patrick was temporarily assigned to a smaller postal facility on October 1, 1998, after an investigation of complaints about the work environment at the Fayetteville post office. She initiated the EEO pre-complaint process on October 13 and filed a formal gender discrimination administrative complaint on February 5, 1999. While that complaint was awaiting final agency action, Patrick initiated a second EEO complaint in early 1999 regarding two alleged retaliatory actions and filed a second formal administrative complaint on June 2, 1999. The Postal Service dismissed that complaint in a final agency action dated July 16, 1999.

Patrick filed this action in the district court on October 13, 1999. The lawsuit was timely because it was filed within 90 days after the final agency action on Patrick's retaliation complaint, and more than 180 days after her initial complaint was submitted

for final agency action. See 29 C.F.R. § 1614.407(a) & (b). The Postal Service moved to dismiss for failure to exhaust because Patrick's complaint included allegations that were not included in her prior informal and formal administrative complaints. The district court dismissed all the Title VII claims, as counsel for the Postal Service urged. But at oral argument on appeal, appellate counsel for the Postal Service finally conceded that Patrick did properly exhaust at least some of her claims. That means the Postal Service's Rule 12(b)(1) motion was without merit. Even if some Title VII claims are time-barred because of a failure to exhaust administrative remedies, the district court has jurisdiction to consider claims that were properly exhausted. See Gipson v. KAS Snacktime Co., 83 F.3d 225, 229-30 (8th Cir. 1996).

Having led the district court into error with a misguided jurisdictional motion, the Postal Service argues on appeal that we may affirm because none of Patrick's exhausted claims involved an adverse employment action. This contention, too, is without merit. We do not know which of Patrick's Title VII claims are unexhausted because the district court did not undertake the necessary detailed analysis of what claims were fairly included in her informal and formal administrative complaints. Moreover, adverse employment action is a fact issue that is rarely appropriate for Rule 12 resolution. We decline to take up that issue on this threadbare record.

The judgment of the district court is reversed insofar as it dismissed the First Cause of Action in Patrick's Complaint. The case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.