NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES G. JOHNSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3130

---

Petition for review of the Merit Systems Protection Board in Case No. DE0353100501-I-1.

---

Decided: January 4, 2012

---

CHARLES G. JOHNSON, of Omaha, Nebraska, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, BRYSON, and MOORE, *Circuit Judges.*

PER CURIAM.

## DECISION

Petitioner Charles G. Johnson seeks review of a decision of the Merit Systems Protection Board dismissing his case for lack of jurisdiction. We vacate and remand.

## BACKGROUND

Mr. Johnson worked for the United States Postal Service from 1960 until he accepted an early retirement offer in 1992. In 1990, Mr. Johnson suffered an injury while working. He sought workers' compensation benefits from the Office of Workers' Compensation Program ("OWCP"). OWCP accepted his claim for mild binaural hearing loss but did not grant him wage-loss compensation. Over the next several years, Mr. Johnson unsuccessfully litigated in various forums the question of whether his retirement was involuntary or was the result of age discrimination.

In March 2010, Mr. Johnson asked to be restored to employment with the Postal Service. The Postal Service denied his request on the ground that Mr. Johnson had voluntarily retired and had not been separated from his position as a result of a compensable injury. Mr. Johnson appealed that decision to the Merit Systems Protection Board. After considering evidence from Mr. Johnson on the issue of the Board's jurisdiction over the appeal, the administrative judge who was assigned to the case held that his appeal was barred by claim preclusion and issue preclusion.

On Mr. Johnson's petition for review, the full Board vacated the administrative judge's ground of decision but

nonetheless dismissed the appeal for lack of jurisdiction. The Board held that an employee may appeal a denial of restoration only if his reemployment rights have been violated and that reemployment rights are triggered under 5 C.F.R. part 353 only if the employee has suffered a cessation of periodic support or wage loss compensation. Mr. Johnson had no appeal rights, the Board ruled, because it was undisputed that he never received periodic support payments or wage loss compensation from OWCP.

DISCUSSION

A federal employee who has been separated from his position because of a compensable injury enjoys certain rights to restoration to his prior position or an equivalent position when he fully or partially recovers from the condition that had kept him from working. 5 U.S.C. § 8151; 5 C.F.R. § 353.301.

The full Board dismissed Mr. Johnson's appeal on the ground that "it is only the cessation of periodic support or wage loss compensation, not the termination of payment of scheduled compensation awards or medical benefits, that triggers an individual's entitlement to restoration rights under [5 C.F.R. part 353]." Upon reviewing the briefs in this case, this court noted that certain previous decisions by the Board seemed to be contrary to the Board's ground of decision in this case. *See Bartol v. U.S. Postal Serv.*, 69 M.S.P.R. 106, 108-09 (1995) (holding that "the payment of medical expenses . . . is sufficient to make the injury a compensable injury within the meaning of 5 U.S.C. § 8151 and would entitle the appellant to restoration rights"); *Mobley v. U.S. Postal Serv.*, 86 M.S.P.R. 161, 164 (2000); *Tat v. U.S. Postal Serv.*, 109 M.S.P.R. 562, 566-67 (2008); *Young v. U.S. Postal Serv.*, 45 M.S.P.R.

424, 430 (2010). Accordingly, the court requested that the Board submit a supplement brief to address that seeming inconsistency. Mr. Johnson was also given the right to make a supplemental submission on that issue.

In a supplemental brief filed in response to the court's request, the Board's General Counsel acknowledged that the Board erred in applying its precedents. The General Counsel explained that the cases relied on by the Board in its opinion, *Nixon v. Dep't of the Treasury*, 104 M.S.P.R. 189 (2006), and *Carter v. U.S. Postal Serv.*, 27 M.S.P.R. 252 (1985), concerned the issue of whether an employee has fully or partially recovered from a compensable injury, rather than whether an employee has suffered a compensable injury in the first place. Under the governing precedents in the *Bartol* line of cases, cited above, the General Counsel concluded that Mr. Johnson had a "compensable injury" for purposes of 5 C.F.R. § 353.301 because he had a "medical condition accepted by the OWCP to be job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund." *Tat*, 109 M.S.P.R. at 567. The General Counsel added that because Mr. Johnson suffered a "compensable injury," the Board must determine whether his separation resulted from or was substantially related to his compensable injury. *See Minor v. Merit Sys. Prot. Bd.*, 819 F.2d 280, 282 n.3 (Fed. Cir. 1987). The General Counsel further explained that the Board has not determined whether Mr. Johnson's separation was substantially related to his compensable injury or whether he has fully recovered or partially recovered from his compensable injury. Based on the legal analysis in his supplemental brief, the General Counsel requested that the court remand this case to allow the Board to further develop the record, as needed, and then to address those two issues— whether Mr. Johnson's separation was substantially

related to his compensable injury, and if so, whether he has fully or partially recovered from his compensable injury.

In light of the position taken by the Board's General Counsel in the supplemental briefing, we agree that it is appropriate to vacate the Board's order on appeal and remand this case for further proceedings before the Board on the two issues identified by the Board's General Counsel: whether Mr. Johnson has shown that his separation was substantially related to his compensable injury and, if so, whether he has fully or partially recovered from his injury. Resolution of one or both of those issues will enable the Board to determine whether Mr. Johnson is entitled to restoration rights under 5 U.S.C. § 8151 and the implementing regulations.

Costs to Mr. Johnson.

**VACATED AND REMANDED**