NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES G. JOHNSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3074

---

Petition for review of the Merit Systems Protection Board in No. DE-0353-10-0501-B-1.

---

Decided: November 7, 2014

---

CHARLES G. JOHNSON, of Omaha, Nebraska, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before TARANTO, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

### DECISION

Petitioner Charles G. Johnson seeks review of a decision of the Merit Systems Protection Board dismissing his restoration claim for lack of jurisdiction. We affirm.

### BACKGROUND

Mr. Johnson worked for the United States Postal Service from 1960 until he accepted an early retirement offer effective November 20, 1992. The following month, he sought workers' compensation benefits from the Office of Workers' Compensation Programs ("OWCP") based on an injury that he claimed to have suffered during his employment. Mr. Johnson characterized his injury as "tinnitus . . . a permanent condition, with associated hearing loss." His injury had been diagnosed in June 1990.

On November 18, 1993, OWCP accepted Mr. Johnson's claim for "mild binaural hearing loss." In processing that claim, however, OWCP found that his hearing loss was not severe enough to be considered ratable. Although the agency determined that Mr. Johnson was not entitled to wage-loss compensation, it determined that he was entitled to medical benefits. OWCP made no finding as to Mr. Johnson's claimed injury of tinnitus at that time.

Over the next several years, Mr. Johnson unsuccessfully litigated in various forums his claims that his retirement was involuntary and that it was the result of age discrimination. *See Johnson v. U.S. Postal Serv.*, 66 M.S.P.R. 604, 606 (1995); *Johnson v. Runyon*, 96 FEOR 11108, EEOC Docket No. 01950766 (Apr. 18, 1996); *Johnson v. Runyon*, 137 F.3d 1081 (8th Cir. 1998).

Mr. Johnson also filed several claims with OWCP and made multiple appeals to the Employees' Compensation Appeals Board ("ECAB") seeking compensation for his tinnitus. While Mr. Johnson provided both OWCP and

ECAB with numerous statements from his treating physicians, the agencies found that the evidence did not establish that his tinnitus was work-related or that he was disabled as a result of that condition. For those reasons, Mr. Johnson was not awarded compensation for tinnitus.

In 2010, Mr. Johnson wrote to the Postal Service and requested restoration to his previous position with the Postal Service. He argued that under the applicable Postal Service regulations, the Postal Service should have restored him to employment when it received OWCP's determination as to his December 1992 injury claim. The Postal Service denied his request on the grounds that he had voluntarily retired and that he had not been separated from his position as a result of a compensable injury. Mr. Johnson appealed that decision to the Merit Systems Protection Board.

After considering evidence from Mr. Johnson, the administrative judge assigned to his case held that Mr. Johnson's appeal was barred by res judicata and collateral estoppel. Mr. Johnson petitioned the full Board for review. On review, the Board vacated the initial decision but ruled that Mr. Johnson's reemployment rights had not been violated because, even though Mr. Johnson had received medical benefits for his injury, the OWCP had determined that he was not entitled to wage-loss compensation. Mr. Johnson appealed that decision to this court.

At the Board's request, this court vacated the Board's decision on the ground that it was contrary to some of the Board's previous decisions holding that an OWCP award of medical benefits is sufficient to establish that the employee has suffered a "compensable injury" for purposes of entitlement to restoration rights. The court remanded the case to the Board for further proceedings on two issues: (1) whether Mr. Johnson's separation was substantially related to his compensable injury, and (2) if so, whether he has fully or partially recovered from his

injury. *Johnson v. Merit Sys. Prot. Bd.*, 455 F. App'x 984 (Fed. Cir. 2012).

During the remand proceedings, Mr. Johnson participated in a telephonic status conference with the administrative judge. In the course of that conference, Mr. Johnson stated that he had not "fully or partially recovered" from his injury, and he stipulated that he "had not recovered sufficiently to return to duty at the agency on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him."

Following the status conference, the administrative judge ruled that Mr. Johnson had failed to prove that his on-the-job injury was related to his retirement. The administrative judge found that the reasons for Mr. Johnson's retirement "included another medical condition, tinnitus, as well as his desire to avoid a disciplinary action." The administrative judge also found that Mr. Johnson had not fully or partially recovered from his injury or injuries. The administrative judge therefore dismissed Mr. Johnson's restoration claim for lack of jurisdiction.

On review, the Board affirmed the administrative judge's dismissal order. The Board found that Mr. Johnson's failure to prove that he had partially or fully recovered from his injury was dispositive of the case. In light of that ruling, the Board concluded that it was not necessary to determine whether the administrative judge was correct in finding that Mr. Johnson's separation was not substantially related to a compensable injury.

## DISCUSSION

A federal employee who is separated from his position is entitled to restoration rights if he recovers from his injury. The nature of his restoration rights depends on

the timing and extent of his recovery. *See* 8 U.S.C. § 8151; 5 C.F.R. § 353.301.

In order to establish the Board's jurisdiction over an appeal from the denial of a restoration request, an employee alleging partial recovery "must prove by preponderant evidence (1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on at least a part-time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration rendered arbitrary and capricious by agency failure to perform its obligations under 5 C.F.R. § 353.301(d)." *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011). An employee alleging full recovery must prove similar elements, including at least (1) absence due to a compensable injury and (2) full recovery from his compensable injury. *See* 5 C.F.R. § 353.301(a)-(b); *Delalat v. Dep't of the Air Force*, 103 M.S.P.R. 448, 453-54 (2006). Whether Mr. Johnson's retirement was the result of his compensable injury and whether he had fully or partially recovered were the questions before the Board after this court remanded the case to the Board on Mr. Johnson's previous appeal.

In its final order, the Board affirmed the administrative judge's determination that Mr. Johnson had not fully or partially recovered from his injury. The administrative judge based his decision on the medical documentation submitted by Mr. Johnson and on Mr. Johnson's own statements that he had not recovered. On appeal, Mr. Johnson has not pointed to any evidence contrary to the administrative judge's determination.

Instead, Mr. Johnson argues that the injury found by OWCP was sufficiently minor that it should not have

prevented the Postal Service from restoring him to duty.[1] But the severity of his original injury is not at issue in this restoration proceeding. Given that he sought and obtained OWCP benefits for his hearing loss, Mr. Johnson was required to prove that he had recovered sufficiently from his injury to return to duty. Based on Mr. Johnson's stipulation and the administrative judge's finding that Mr. Johnson had not partially or fully recovered from his injury, the Board properly held that it lacked jurisdiction over his appeal.

**AFFIRMED**

---

[1]    Mr. Johnson's other arguments focus on the impairment that he experiences as a result of his tinnitus. As he has noted in his prior briefs, however, OWCP has not recognized his tinnitus as a compensable injury. Mr. Johnson has already litigated the issue of whether his tinnitus is disabling and work-related before OWCP and ECAB. The correctness of those decisions is not before us.