NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES G. JOHNSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1022

---

Petition for review of the Merit Systems Protection Board in No. DE-0353-16-0041-I-1.

---

Decided: June 9, 2017

---

CHARLES G. JOHNSON, Omaha, NE, pro se.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Charles G. Johnson, a former employee of the United States Postal Service, alleges that he was involuntarily subjected to early retirement and that the Postal Service improperly denied him restoration to his position. The Merit Systems Protection Board concluded that his claims were barred by Board rejections of claims he presented to the Board in earlier proceedings raising the same issues. We affirm.

I

Mr. Johnson began working for the Postal Service in 1960. *Johnson v. Merit Sys. Prot. Bd.*, 592 F. App'x 935, 935 (Fed. Cir. 2014). He retired on November 20, 1992. *Id.*; Pet'r's Supp. Br. 1.

Soon afterward, Mr. Johnson challenged his retirement as resulting from age discrimination. *Johnson v. U.S. Postal Serv.*, 66 M.S.P.R. 604, 606 (1995). The Postal Service denied his complaint, and Mr. Johnson appealed to the Board. *Id.* The administrative judge held that the Board lacked jurisdiction because Mr. Johnson had not shown that his retirement was involuntary. *Id.* That holding became the Board's final determination because, the full Board ruled, Mr. Johnson did not timely seek the full Board's review of the administrative judge's decision. *Id.* at 608–09. The full Board ended by warning: "The doctrine of collateral estoppel [or issue preclusion] . . . bars [Mr. Johnson] from filing another appeal in the same forum that raises the same jurisdictional issue [of his retirement], and [the Board] will not entertain such an appeal." *Id.* at 609.

In 2010, Mr. Johnson wrote to the Postal Service to request restoration to his position based on the allegations that his employment had ended in 1992 because of a compensable injury, *i.e.*, tinnitus developed as a result of his work conditions, and that he had sufficiently recovered. Pet'r's Supp. Br. 1; *see Johnson*, 592 F. App'x at 936. "A federal employee who has been separated from

his position because of a compensable injury enjoys certain rights to restoration to his prior position or an equivalent position when he fully or partially recovers from the condition that had kept him from working." *Johnson v. Merit Sys. Prot. Bd.*, 455 F. App'x 984, 985 (Fed. Cir. 2012) (citing 5 U.S.C. § 8151; 5 C.F.R. § 353.301). The Postal Service denied Mr. Johnson's request, explaining that his retirement was not the result of that claimed injury. *Johnson*, 592 F. App'x at 936. Mr. Johnson appealed to the Board. *Id.* After this court ordered the Board to consider "whether Mr. Johnson has shown that his separation was substantially related to his compensable injury and, if so, whether he has fully or partially recovered from his injury," *Johnson*, 455 F. App'x at 986, the administrative judge found that Mr. Johnson had not proven that he had recovered from his injury, *Johnson*, 592 F. App'x at 937. The full Board affirmed, *id.*, and this court affirmed the full Board, *id.* at 938.

The present case involves Mr. Johnson's filing with the Board on October 20, 2015. In that Board appeal, he again challenged the voluntariness of his retirement and the denial of his restoration request. Initial Decision at 1, *Johnson v. U.S. Postal Serv.*, No. DE-0353-16-0041-I-1 (M.S.P.B. Dec. 18, 2015). In response, the Postal Service invoked collateral estoppel (issue preclusion) based on the earlier Board rulings. Resp't's Supp. App. 37–38. The administrative judge agreed, concluding that Mr. Johnson had simply not identified any material allegation different from those already rejected in the earlier rulings. Initial Decision at 1. Specifically with respect to the restoration claim, the administrative judge concluded that collateral estoppel applied to the extent that Mr. Johnson argued that he had recovered in 2010 at the time the Postal Service denied him restoration, and to the extent that Mr. Johnson alleged a subsequent denial based on recovery in the period after 2010, the administrative judge found no nonfrivolous allegations of such a denial. On August 5,

2016, the Board affirmed that decision, modifying the initial decision only to "provide the applicable burden of proof for restoration claims." Final Order at 2, *Johnson v. U.S. Postal Serv.*, No. DE-0353-16-0041-I-1 (M.S.P.B. Aug. 5, 2016).

Mr. Johnson appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

II

We may set aside the Board's decision here only if we found it to be "arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with law[,] . . . [or] unsupported by substantial evidence." 5 U.S.C. § 7703(c). Here, the basis of the decision is the doctrine of collateral estoppel (issue preclusion), which blocks duplicative litigation by barring a litigant from presenting an issue where "(1) [the] issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party or as one whose interests were otherwise fully represented in that action." *Encarnado v. Office of Pers. Mgmt.*, 116 M.S.P.R. 301, 307 (2011) (citing *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988)). We review the Board's application of the doctrine here without deference to the Board. *See Morgan v. Dept. of Energy*, 424 F.3d 1271, 1274 (Fed. Cir. 2005).

We find no error in the Board's ruling with respect to either Mr. Johnson's allegation of involuntary retirement or his allegation of facts sufficient to state a claim for restoration. As to the voluntariness of the retirement: the issue was raised and decided in Mr. Johnson's 1995 Board appeal. *See Johnson v. U.S. Postal Serv.*, 66 M.S.P.R. at 609. The determination of voluntariness was necessary to the resulting judgment, *id.* at 606, and Mr. Johnson "had

a full and fair opportunity to litigate the issue," *Encarnado*, 116 M.S.P.R. at 307.

Similarly as to the bases for a restoration claim: the issues were raised and decided in the 2010–2014 proceedings, in which the Board, affirmed by this court, found at least one crucial fact missing—sufficient recovery from his alleged injury. *See Johnson*, 592 F. App'x at 938. The decision regarding Mr. Johnson's restoration claim was necessary to the decision, and he had a full and fair opportunity to litigate the issue. Mr. Johnson has not pointed to any difference between the restoration claim he now makes and the one he lost in the 2010–2014 proceedings. In particular, we see no error in the Board's finding that Mr. Johnson made no nonfrivolous allegation that the Postal Service denied a restoration request other than his 2010 request.

### III

We affirm the Board's ruling on collateral estoppel.

No costs.

### AFFIRMED