# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1468
_____

Richard R. Goecke, an individual

*Plaintiff - Appellant*

v.

3M Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 17, 2026
Filed: May 14, 2026

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Richard Goecke was an engineer at 3M Company ("3M"). When 3M announced a COVID-19 vaccine mandate, Goecke resigned and then sued 3M. The district court[1] granted summary judgment to 3M. Goecke appeals, and we affirm.

---

[1]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota.

**I.**

In September 2021, 3M announced a COVID-19 vaccine mandate for its U.S. employees who lacked "a valid medical or religious exemption." 3M explained that it was issuing the mandate to comply with U.S. government vaccination requirements for federal contractors. About one month later, 3M announced that employees subject to its mandate would need to be vaccinated by December 8, 2021. Employees who failed to comply would be "reviewed for termination." 3M again noted that employees could seek a religious exemption.

Goecke is a practicing Christian who, based on his religious beliefs, opposed receiving the COVID-19 vaccine. In late October 2021, Goecke submitted a request for a religious exemption. Within one week, however, he elected to receive his pension benefits starting on December 1, 2021. And within two weeks, he told his manager to announce that he would be "retiring as of Dec 1st." That November, 3M extended the vaccine deadline to January 4, 2022 and stated that there would be a "limited grace period" after the new deadline. Goecke later testified that his manager was "working very hard behind the scenes to keep [him] as part of the team."

Goecke's last day at the 3M office was November 16, 2021.[2] That day, he turned in his computer, cleaned out his workspace, and held his exit interview. One week later, Goecke told a 3M employee "I am already retired. With vacation, my last day with 3M was . . . the 16th. . . . As of right now, I am all done with 3M. . . . I never did hear back on my religious exemption, and now frankly don't care anymore." On November 30, 3M notified Goecke that it had denied his religious exemption request. Two weeks later, on December 13, 3M announced that it had rescinded its vaccine mandate, noting that the underlying U.S. government vaccination requirements for federal contractors had been halted by a court order.

---

[2]Goecke used vacation time until November 30, his formal last day of employment.

One year later, Goecke sued 3M, alleging that it had engaged in disability discrimination and religious discrimination under Minnesota state law and Title VII of the Civil Rights Act of 1964. The district court dismissed Goecke's disability discrimination claims for a failure to exhaust administrative remedies. 3M filed a motion for summary judgment on the religious discrimination claims, which the district court granted. Goecke appeals the grant of summary judgment to 3M on his Title VII religious discrimination claim.[3]

## II.

We review *de novo* the district court's grant of summary judgment, viewing the evidence in the light most favorable to Goecke and drawing all reasonable inferences in his favor. *See Cameron v. City of Des Moines*, 168 F.4th 522, 527 (8th Cir. 2026). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "To survive a motion for summary judgment with a Title VII claim, a plaintiff must show either direct evidence of a Title VII violation or create an inference of discrimination or retaliation under the *McDonnell Douglas* burden-shifting framework . . . which requires a plaintiff to make a prima facie case of discrimination or retaliation." *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 887 (8th Cir. 2015); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

Goecke has not presented direct evidence of a Title VII violation. "Direct evidence of discrimination requires a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employer's decision." *Shirrell*, 793 F.3d at 887 (citation modified). Goecke has offered no evidence of a specific link between any alleged discriminatory animus

---

[3]Goecke also brought a religious discrimination claim under the Minnesota Human Rights Act, but he does not discuss this claim on appeal, so we consider it waived. *See Meyers v. Starke*, 420 F.3d 738, 743 (8th Cir. 2005).

and 3M's vaccine mandate.  Indeed, he has testified that 3M's vaccine mandate was a company-wide policy and that he has no evidence that it was directed at Christians. And on our review, the record indicates that 3M implemented the vaccine mandate to comply with U.S. government rules for federal contractors.

Thus, we instead focus on whether Goecke can create an inference of discrimination or retaliation under the *McDonnell Douglas* framework by establishing a prima facie case of religious discrimination. *See id.*  To do so, Goecke must show: "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination." *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012).

Goecke has not established a prima facie case of religious discrimination because the undisputed record reflects that he did not suffer an adverse employment action.  "An adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment." *Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1114 (8th Cir. 2024).  To show an adverse employment action, Goecke need only demonstrate "some harm respecting an identifiable term or condition of employment." *See id.*  But Goecke has raised no genuine dispute that he suffered such a harm.  Goecke alleges that 3M forced him to choose between his religious beliefs and his employment, but he "chose . . . an early retirement"— before 3M issued a decision on his exemption request and before the vaccination deadline—"rather than to wait and see" whether 3M would actually enforce its mandate. *See Johnson v. Runyon*, 137 F.3d 1081, 1082-83 (8th Cir. 1998).

Goecke argues that he did not voluntarily retire but instead was constructively discharged. *See Bell v. Baptist Health*, 60 F.4th 1198, 1203 (8th Cir. 2023) ("Title VII encompasses employer liability for a constructive discharge.").  Not so.  "An employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged." *Tidwell v. Meyer's Bakeries, Inc.*, 93 F.3d 490, 494 (8th Cir. 1996) (citation modified).  Goecke did not give 3M a

reasonable chance to resolve his concerns about the vaccine requirement. Goecke contends that he "made every effort to resolve his conflict with 3M's Covid-19 vaccine policies," but mentions only one such effort: his "request for a religious exemption." The undisputed facts establish, however, that Goecke was "all done with 3M"—had cleaned out his workspace, turned in his computer, held his exit interview, and scheduled the start of his pension benefits—before 3M issued on a decision on his exemption request and before the vaccination deadline. Furthermore, within just two weeks of requesting an exemption, Goecke had told his manager, who had been "working very hard to keep [Goecke] as part of the team," to announce his retirement. At that point, the vaccination deadline was still weeks away. Goecke claims that he decided to retire after other employees told him that their religious exemption requests had been denied. Goecke, however, had the obligation "not to assume the worst and not to jump to conclusions too quickly." *See id.* He failed to uphold that obligation. Goecke was not constructively discharged.

Finally, Goecke alleges, without citing to the record, that there are remaining factual disputes that preclude summary judgment. Goecke alleges that these disputes concern "the religious nature of his beliefs," and 3M's "accommodation process," "good faith," "awareness of the discriminatory impact of the policy," and consideration of "alternatives" to the vaccine mandate. These alleged disputes, however, do not undermine our conclusions that, viewing the evidence in the light most favorable to Goecke and drawing all reasonable inferences in his favor, *see Cameron*, 168 F.4th at 527, 3M took no adverse action against him and that he did not give 3M a reasonable chance to resolve his concerns with the vaccine mandate. Because none of these alleged disputes could "affect the outcome of the suit," they do not "properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(a).

Therefore, we affirm.

_____